15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph N.A. RYAN, Jr., Plaintiff-Appellant,
v.
FORD MOTOR COMPANY; Hertz Rent-A-Car, Defendants-Appellees.
 No. 92-16914.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Jan. 25, 1994.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Ryan (Ryan) appeals the district court's order granting the defendants' (Ford Motor Company and Hertz Rent A Car) motion to dismiss. Almost nine years after Ryan was involved in a traffic accident, he instituted this diversity action against Ford and Hertz, alleging products liability, negligence, fraud, deceptive trade practices, and breach of warranty. The district court ruled that the applicable statutes of limitations precluded each claim for relief and that fraudulent concealment did not toll the limitations period. We affirm.
 
 A. Statutes of Limitations
 1. Products Liability & Negligence
 
 3
 The relevant limitations period is determined from the nature of the claim or right as contained in the pleadings. Au v. Au, 626 P.2d 173, 177 (Haw.1981). Section 657-7 of the Hawaii Revised Statutes (HRS) is the general personal injury statute of limitations which requires initiation of general tort actions, such as negligence and products liability, within two years after the cause of action accrues. See Pele Defense Fund v. Paty, 837 P.2d 1247, 1260 (Haw.1992), cert. denied, 113 S.Ct. 1277 (1993). "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13 [infancy, insanity, imprisonment]." HRS Sec. 657-7. The statute of limitations begins to run "the moment the plaintiff's cause of action accrues--that is, ... the moment plaintiff discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." Yamaguchi v. Queen's Medical Ctr., 648 P.2d 689, 693-94 (Haw.1982).
 
 
 4
 In the present case, Ryan's accident occurred on October 4, 1983. On that date, Ryan knew that as a result of a being rear-ended, the steel braces and supports of the driver's seat fractured, causing him to snap backwards into the rear seat area. Because it was on October 4, 1983, that Ryan discovered or reasonably should have discovered the negligent act, the damage and the causal connection between the negligence and damage, see Yamaguchi, 648 P.2d at 693-94, the cause of action accrued on that date. Ryan should have instituted the negligence and products liability claims on or before October 4, 1985. Therefore, his June 22, 1992, negligence and products liability claims are time-barred.
 
 2. Fraud
 
 5
 In Hawaii, fraudulent misrepresentation falls within the six-year "catch-all" limitations period found in HRS Sec. 657-1(4). See Au, 626 P.2d at 179. Ryan's cause of action accrued on October 4, 1983, when he knew or should reasonably have known of the alleged defects which form the basis of his fraudulent misrepresentation claim. Accordingly, Ryan should have instituted his fraud claim on or before October 4, 1989. Because the claim was brought in 1992, almost nine years after the cause of action accrued, the district court did not err in holding that the fraud claim is time-barred.
 
 
 6
 3. Deceptive Trade Practices & Breach of Warranty
 
 
 7
 The limitations period for deceptive trade practices is four years, HRS Sec. 480-24, as is the limitations period for breach of warranty. HRS Sec. 490:2-725. Ryan should reasonably have discovered any deceptive trade practice on October 4, 1983. Because he failed to bring his deceptive trade practices claim within the four-year period after the cause of action accrued, this claim is barred by the statute of limitations.
 
 
 8
 Similarly, his breach of warranty claim is time-barred. The statute of limitations for breach of contract begins to run when the contract is breached. Au, 626 P.2d at 180. The express warranty in this case referred to a future fact, i.e., that the steel braces in the back of the driver's seat would not break. Thus, the limitations period did not begin to run until the breach (accident) occurred on October 4, 1983, and it expired on October 5, 1987. See id. (when warranty relates to a future fact, cause of action accrues when future breach occurs). Because Ryan did not bring his action until 1992, this claim is also barred.[1]
 
 B. Tolling
 
 9
 In Hawaii, the statute of limitations is tolled if the defendant fraudulently conceals the existence of a cause of action. See HRS Sec. 657-20. The fraudulent concealment rule provides "a six-year limitations period after the person who is entitled to sue discovers or should have discovered that the person liable fraudulently concealed the existence of a cause of action or the identity of anyone liable." Au, 626 P.2d at 178 (defining fraudulent concealment as "employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action" (internal quotations omitted)). The liable party's acts of fraudulent concealment must be affirmative and fraudulent in character and those actions must conceal a known cause of action. Id.
 
 
 10
 In the present case, the cause of action became obvious on the date of the accident. See id. (cause of action obvious on date water damage occurred). Ryan had actual knowledge of the facts constituting his claim for relief. See Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415 (9th Cir.1987) (to invoke the fraudulent concealment doctrine plaintiffs "must demonstrate that they had neither actual nor constructive notice of facts constituting their claims for relief"). Ryan contends that he did not discover his cause of action until he viewed the 60 Minutes report in February, 1992. Nonetheless, on the date of the accident he had sufficient evidence which would lead a reasonable person to conclude that a cause of action against the defendants existed. Ryan need not have known the details of the evidence by which to establish his cause of action. Au, 626 F.2d at 178. Rather, it is enough that he knew the cause of action existed in his favor, and "when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim." Id. (internal quotations omitted).
 
 
 11
 It is also sufficient to commence the statute of limitations if Ryan had constructive knowledge of the cause of action. See General Bedding Corp. v. Echevarria, 947 F.2d 1395, 1397 (9th Cir.1991) (interpreting California's discovery statute of limitations). "The plaintiff is deemed to have had constructive knowledge if [he] had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." Id. at 1398 (internal quotations omitted). As a result of the accident, Ryan had sufficient information to warrant investigation; yet, he failed to allege any attempt on his part to investigate. Therefore, even assuming Ryan did not have actual knowledge, we conclude that he had constructive knowledge.
 
 
 12
 Nor has Ryan alleged facts sufficient to establish evidence of the defendants' fraudulent concealment. He must establish affirmative conduct on the part of the defendants "which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." Volk, 816 F.2d at 1415; see also Balog v. Center Art Gallery-Hawaii, Inc., 745 F.Supp. 1556, 1573 (D.Haw.1990) (repeatedly sending certificates of artwork's authenticity to plaintiffs/buyers constituted affirmative conduct sufficient to toll the statute of limitations because it prevented the plaintiffs from discovering their cause of action). Moreover, lack of due diligence in attempting to uncover facts which would reveal his claim for relief does not translate into active concealment on the part of the defendants. See Volk, 816 F.2d at 1415-16. Ryan alleges only that Ford did not disclose such defects to the public. However, Ford's "silence or passive conduct does not constitute fraudulent concealment." Id. at 1416 (fact that defendants passively concealed reports by not disclosing them to investors did not constitute fraudulent concealment for purposes of tolling statute of limitations in a federal securities fraud claim); see also Davis v. United States, 642 F.2d 328, 332 (9th Cir.1981) (failure to ascertain and publish a cause of action is insufficient to constitute fraudulent concealment), cert. denied, 455 U.S. 919 (1982).
 
 
 13
 Furthermore, "[i]t has never been the rule in [Hawaii] that the defendant or an agent of the defendant must inform the plaintiff of the right to bring suit." Waugh v. University of Hawaii, 621 P.2d 957, 966 (Haw.1980). When the accident occurred, Ryan had sufficient facts from which to conclude that a cause of action against the defendants existed. It is at that point when he knew, or should reasonably have known, the cause of action existed.
 
 
 14
 Citing General Bedding, 947 F.2d at 1397, Ryan argues that dismissal was improper because the question of whether a plaintiff knew or should have known of the fraud is left to a jury. General Bedding also states, however, that the issue need not go to the jury when "a jury could not reasonably find for the plaintiff on this issue." Id. The statute of limitations commences to run "when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation." Id.
 
 
 15
 In this case, the undisputed facts reveal that Ryan had sufficient information to give him either actual or constructive knowledge of his claim. A jury could not reasonably conclude otherwise. Therefore, the district court properly ruled that the statute of limitations was not tolled.[2]
 
 
 16
 Finally, Ryan contends that the district court erred in refusing to admit the 60 Minutes documentary as evidence of the fraud perpetrated upon him. We conclude that the district court did not err in excluding the evidence as irrelevant to the statute of limitations issue. The videotape transcript contains general information about the inadequacy of federal standards but does not contain evidence relevant to this specific case. Significantly, the videotape does not establish that Ford fraudulently concealed Ryan's cause of action. As noted above, Ford's silence or passive conduct does not constitute fraudulent concealment. See Volk, 816 F.2d at 1416.
 
 
 17
 Reading the assertions of the complaint with the required liberality, we conclude that Ryan could not prove that the statute of limitations was tolled. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). Accordingly, the district court did not err in dismissing Ryan's complaint.[3]
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ryan also raises an implied warranty claim. However, an implied warranty is breached at the time delivery of the good is tendered; therefore, the four-year limitations period begins to run on that earlier date. See HRS Sec. 490:2-725; see also Holliday v. Bell Helicopters Textron, Inc., 747 F.Supp. 1396, 1398 (D.Haw.1990). In this case, delivery was tendered in 1982 when Ryan purchased the car
 
 
 [2]
 Ryan argues that equitable estoppel should preclude application of the statute of limitations. We decline to consider this argument. Ryan waived this issue by failing to raise it in his opening brief. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)
 
 
 [3]
 Because we affirm based upon expiration of the applicable statutes of limitations, we need not reach the Hertz's claim that Ryan failed to allege fraud with the specificity required under Fed.R.Civ.P. 9(b)