Emmett J. Schnepp, J.
The defendant moved to dismiss the first two causes of action in the complaint on the grounds that they are legally insufficient and to dismiss the entire complaint because the causes of action are barred by the Statute of Limitations.
In this case, still in the pleading stage, the plaintiff Alphonse F. Callarama, in his first cause of action seeks compensatory and punitive damages for emotional distress and personal injuries suffered from11 unjustified damaging, threatening, harassing and malicious telephone calls and statements ” made by defendant to plaintiffs and various relatives and from threats and abuse and the use of “ obscene, vicious and opprobrious language ”. The second cause of action, pleaded on behalf of the plaintiff Betty Callarama, is derivative in nature only. Plaintiffs’ third cause of action seeks recovery for the publication of false and defamatory words — conceded to be an action sounding in slander.
On this motion the allegations of the complaint are deemed true. (Kober v. Kober, 16 N Y 2d 191, 193.) It thus appears that plaintiffs owed an unpaid balance on a retail installment *289 contract. On and before June 12, 1970, agents of the defendant made these telephone calls and statements which it is claimed were malicious and as a result the plaintiff Alphonse suffered severe emotional distress, humiliation with psychic shock and physical injuries, including a posterior myocardial infarction.
Recovery is sought in tort and the question is whether threatening and harassing statements, combined with the use of obscene and opprobrious language made maliciously and resulting in damage, are actionable. Can there be a recovery for the malicious infliction of emotional distress resulting in personal injuries, without proof of the breach of any duty other than the duty to refrain from inflicting it!
Intent or recklessness is an essential element in torts, which is characterized as outrageous conduct causing mental disturbance. (2 N Y PJI 617-619.) A malicious act requires a wrongful motive and an intent to harm. The word ‘ ‘ malice ’ ’ adds color to intent and embraces within its meaning an intent to do evil. The fact that the complaint does not contain the word “intent” so that it “does not fall plainly within the rule announced in some decided case does not require the dismissal of the complaint ”. (Halio v. Lurie, 15 A D 2d 62, 67.) Novel causes need not be dismissed because they are novel and torts are infinitely various and are not limited or confined. Redress should be provided for any demonstrated wrong. (Caso v. Gotbaum, 67 Misc 2d 205, 211.) This rule that there must be a remedy for the commission of a cognizable wrong has been ■limited by various practical difficulties such as proliferation of claims, fraudulent claims, speculative damages or injuries, problems of unlimited liability, foreseeability, unduly burdensome liability, and the difficulty of circumscribing the area of liability within tolerable limits. (Tobin v. Grossman, 24 N Y 2d 609.) 1 ‘ Freedom from mental disturbance is now a protected interest in this State ” (Ferrara v. Galluchio, 5 N Y 2d 16, 21) and any objection against recovery due to any of the practical difficulties described above is offset by the fact that emotional upsets are marked by definite physical symptoms which are capable of proof. As was pointed out in Ferrara (supra, p. 21) ‘‘ ‘ The very clear tendency of the recent cases is to refuse to admit incompetence to deal with such a problem, and to find some basis for redress in a proper case ’ ”.
The plaintiffs must still prove the underlying cause of action; 1 ‘ the question of proof in individual situations should not be the arbitrary basis upon which to bar all actions, and 1 it is beside the point * * * in determining sufficiency of a plead *290 ing ’ (Battalla v. State of New York, 10 N Y 2d 237, 242.) It will be for the trier of the facts here to determine whether the conduct of the defendant was threatening, harassing and malicious and whether in fact it was the proximate cause of the emotional distress and physical injuries claimed by plaintiff. (Mitran v. Williamson, 21 Misc 2d 106, 108.) The conduct must be more than mere insults, indignities, threats and annoyances and must be so shocking and outrageous as to exceed all reasonable bounds of decency. The court has no knowledge of the quality and genuineness of the proof, and whether or not it will fit into that category cannot be passed upon by the court at this stage. This applies also on the question of plaintiffs’ ability to recover punitive damages, which requires the submission of proof as to the character of the employment of the agent, his fitness and authorization. (Gill v. Montgomery Ward & Co., 284 App. Div. 36.)
The further contention of the defendant is that the one-year and not the three-year Statute of Limitations applies and since the summons was served after the expiration of one year, the complaint must be dismissed. All actions to recover damages for personal injuries, except specific intentional torts, are grouped under the three-year statute (CPLE 214, subd. 5). A one-year limitation period is provided for specific torts of an intentional nature including “ false words causing special damages ” (CPLE 215, subd. 3). There is no allegation in the first two causes of action, that the statements attributable to the defendant were false. ‘ ‘ Plaintiff may not circumvent the one-year limitation * * * by misdescribing the tort” (Noel v. Interboro Mut. Ind. Ins. Co., 31 A D 2d 54, 55), and if the proof shows that what the defendant said is claimed to be false, then CPLE 215 (subd. 3) should apply, as the courts “ ‘ look for the reality, and the essence of the action and not its mere name ’ ”. (Morrison v. National Broadcasting Co., 19 N Y 2d 453, 459.) Proof or difficulties of proof are not the concern of the court at the pleading stage. The right of the parties to have their day in court, should not be defeated by ‘ ‘ overstrict construction ” of Statutes of Limitations. (Hotaling v. General Elec. Co., 16 A D 2d 339, 342.) From the imprecise face of the complaint, the wrong here cannot be characterized at this time as being within the one-year statute.
The motions for judgment, except as related to the third cause of action, are denied, without prejudice to the right of the defendant to make a similar motion after the conclusion of the pretrial disclosure proceedings.
*291 The one-year Statute of Limitations applies to the third cause of action, which is dismissed.