BELINDA AU, Plaintiff-Appellant, *v.* GORDON S. K. AU and
HERBERT HU, Defendants-Appellees

NO. 6706

MARCH 6, 1981

RICHARDSON, C.J., OGATA, MENOR,
LUM AND NAKAMURA, JJ.

## OPINION OF THE COURT BY OGATA, J.

The instant appeal concerns the application of the proper statute of limitations by the trial court to a five-count complaint brought by plaintiff-appellant Belinda Au (hereinafter appellant) against defendant-appellee Gordon Au, the owner of the home (hereinafter appellee Au), and defendant-appellee Herbert Hu, the salesperson (hereinafter appellee Hu), for damages resulting from water leakages in the residence purchased by appellant. Specifically, appellant appeals from an order of the trial court granting appellees' motion to dismiss the complaint based on the bar of the statute of limitations. We affirm with regard to Count IV but reverse as to Counts I, II, and III.[1]

The complaint was filed in the court below by appellant against both appellees on February 6, 1976, and alleged the following: Count I — that appellant and appellees are residents of the City and

_____

[1] The dismissal of Count V was not appealed so we do not consider the dismissal of this count.

County of Honolulu; that appellant, prior to purchasing the two-story dwelling at 2048 Mauna Place in Honolulu from appellee Au, did inspect the residence and during this inspection appellant noticed what appeared to be a water stain on the wall in the bottom story of the residence; that appellant inquired of both appellees whether the stain was the result of water leakages in the residence; that "the vendor and/or salesman fraudulently represented to vendee that the stain was not a result of water leakages and further fraudulently represented that the residence did not have any water leakages"; that relying on those representations, appellant purchased the residence by an agreement of sale dated October 26, 1973. It was further alleged that in the latter part of December 1973, the bottom story of appellant's residence sustained damage resulting from water leakages and said leakages have been reoccurring thereafter; Count II — that appellees negligently represented to appellant that the stain was not the result of water leakages and further negligently represented to appellant that the residence did not have any water leakages; that relying on those representations, appellant purchased the residence by an agreement of sale dated October 26, 1973; that in the latter part of December 1973, the bottom story of appellant's residence sustained damage resulting from water leakages and the leakages have been reoccurring thereafter; Count III — that appellees expressly warranted to appellant that the stain was not the result of water leakages and further expressly warranted to appellant that the residence did not have any water leakages; Count IV — that appellee Au breached the agreement of sale because of the recurring water leakages in the residence; and Count V — that the acts and practices of the salesman were unfair and deceptive in violation of HRS § 480-2.

## I.

The trial court found that the two-year limitations period on each of these counts alleged had expired and granted appellees' motion to dismiss based on the bar of the statute of limitations.

Initially, we will consider whether this appeal is a review of a motion to dismiss or a motion for summary judgment.

In certain instances, a motion to dismiss may be treated as one for summary judgment. *Gonsalves v. First Ins. Co.*, 55 Haw. 155, 516 P.2d

720 (1973); *Baldeviso v. Thompson,* 54 Haw. 125, 504 P.2d 1217 (1972); *Del Rosario v. Kohanuinui,* 52 Haw. 583, 483 P.2d 181 (1971). We established in *Del Rosario, supra,* that when the court considers matters outside the pleadings, the motion to dismiss becomes one for summary judgment. In *Del Rosario,* affidavits were considered outside materials and the motion to dismiss was treated by the court as one for summary judgment.

The court may consider matters outside the pleadings in a summary judgment proceeding under Rules 12(b) and 56(c), H.R.C.P., including depositions, answers to interrogatories, admissions on file and affidavits. *See e.g., Freitas v. City & County,* 58 Haw. 587, 574 P.2d 529 (1978) (depositions filed and consistent statements of fact in counsel memoranda); *Baldeviso v. Thompson, supra* (affidavits and sworn testimony); *Gonsalves v. First Ins. Co., supra* (affidavits); *Salem Bank & Trust Co. v. Whitcomb,* 261 Ind. 614, 308 N.E.2d 707 (1974) (answers to interrogatories). A party making or opposing a motion for summary judgment may only rely on facts which are before the court as provided in Rule 56, H.R.C.P. *Freitas v. City & County, supra; State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 585 F.2d 454 (10th Cir. 1978); Rule 12(b), H.R.C.P. Unverified statements of fact in counsel's memorandum or representations made in oral argument cannot be considered in determining a motion for summary judgment. *Freitas v. City & County, supra; Smith v. Mack Trucks, Inc.,* 505 F.2d 1248 (9th Cir. 1974).

The record clearly reveals the trial court considered matters beyond those which were contained in the complaint. During the hearing on the motion to dismiss, appellant was permitted to make representations of fact which were outside the pleadings.[2] The trial court permitted the representations so that it could determine when the cause of action accrued to apply the relevant limitations period.[3] These representations are also corroborated by the written answers

---

[2] The following assertions were not specifically alleged in the complaint but were presented at the hearing on the motion to dismiss: that in April 1974 and in early 1975, damage was sustained in the residence due to water leakages; that on each occasion, appellee Au incurred the expenses of repairing said leaky wall; that in early 1975, it was determined that the leak could not be repaired; that appellee Au's actions lulled appellant into allowing the statute to run.

[3] If such matters or representations are not objected to or are stipulated by the parties, these may be considered by the trial court in the disposition of the motion.

to interrogatories, which are a part of the record. However, there is no indication in the record of whether the trial court considered the interrogatories in making its ruling.

We find that consideration of the oral representations of fact by the trial court did not comply with the provisions of Rule 12(b) and Rule 56, H.R.C.P. Thus, the instant motion to dismiss was not transformed into one for summary judgment. Therefore, our consideration is strictly limited to the allegations of the complaint and the motion addressed thereto in deciding whether the statute of limitations bars this action. *Salem Bank & Trust Co. v. Whitcomb, supra.*

## II.

We now proceed to consider what the proper limitations period is for each of the counts alleged in the complaint.

In reviewing the order granting the motion to dismiss, we deem the allegations contained in the complaint as true. *Day v. United Automobiles Aero. & Agr. Imp. Wkrs., Local 36,* 466 F.2d 83 (6th Cir. 1972); *Gross v. Newburger, Loeb & Co., Inc.,* 103 Misc.2d 417, 426 N.Y.S.2d 667 (1980); *Swauger v. Haury & Smith Contractors, Inc.,* 512 S.W.2d 261 (Tenn. 1974); *Callarama v. Associates Discount Corp. of Del., Inc.,* 69 Misc.2d 287, 329 N.Y.S.2d 711 (1972).

Different causes of action arising from a single transaction may be plead together. H.R.C.P., Rule 18(a). However, where two or more causes of action arise from a single transaction, different statute of limitations are applicable to the separate claims. *Triangle Underwriters, Inc., v. Honeywell, Inc.,* 604 F.2d 737 (2nd Cir. 1979); *Henson v. St. Paul Fire & Marine Ins. Co.,* 354 So.2d 612 (La. Ct. App. 1977); *Conklin v. Draper,* 229 App. Div. 227, 241 N.Y.S. 529 (1930). *See generally,* 53 C.J.S., *Limitations of Actions,* § 33; 51 Am. Jur.2d, *Limitation of Actions,* §§ 62-63.

The proper standard to determine the relevant limitations period is the nature of the claim or right, not the form of the pleading. *Rito Cebolla Inv. v. Golden West Land,* 94 N.M. 121, 607 P.2d 659 (Ct. App. 1980); *Cloutier v. Kasheta,* 105 N.H. 262, 197 A.2d 627 (1964). The nature of the right or claim is determined from the allegations contained in the pleadings. *Malone v. Univ. of Kansas Medical Center,* 220 Kan. 371, 552 P.2d 885 (1976).

The record in this case reveals that the trial court applied the two-year limitations period of HRS § 657-7[4] to each count of the complaint. We now must determine whether the application of HRS § 657-7 to count 1 and the other counts was proper.

Before examining the applicable limitations period, we note that an owner is responsible for the representations of his agent made within the scope of his agent's selling authority. *Negyessy v. Strong,* 136 Vt. 193, 388 A.2d 383 (1978).

Appellant contends that the applicable limitations period for Count I is set forth in HRS § 657-20[5] which deals with fraudulent concealment. That section provides that there is a six-year limitations period after the person who is entitled to sue discovers or should have discovered that the person liable fraudulently concealed the existence of a cause of action or the identity of anyone liable.

Fraudulent concealment has been defined as "employment of artiface, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Lemson v. General Motors Corp.,* 66 Mich. App. 94, 97, 238 N.W.2d 414, 415 (1975) quoting *De Haan v. Winter,* 258 Mich. 293, 296, 241 N.W. 923, 924 (1932). Fraudulent concealment involves the actions taken by a liable party to conceal a known cause of action.

In *Weast v. Duffie,* 272 Mich. 534, 539, 262 N.W. 401, 402 (1935), the Michigan Supreme Court stated:

> The fraudulent concealment which will postpone the operation of the statute must be the *concealment of the fact that plaintiff*

---

[4] HRS § 657-7 provides:

Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13.

[5] HRS § 657-20 states:

If any person who is liable to any of the actions mentioned in this part or section 663-33, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

*has a cause of action. If there is a known cause of action there can be no fraudulent concealment. . . .*

It is not necessary that a party should know the details of the evidence by which to establish his cause of action. *It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim.* (Citation omitted.) (Emphasis added.)

In the instant case, we believe the complaint fails to plead sufficient facts which establish that the nature of the claim was one of fraudulent concealment. Appellant's cause of action became obvious in December 1973 when water damage was sustained. There was nothing alleged in the pleadings or at the hearing which show appellees' conduct concealed appellant's claim. Therefore, HRS § 657-20 is not the applicable limitations period.

The nature of the claim set forth in Count I is that appellees made fraudulent representations to appellant concerning the existence of water leakages in the residence. The alleged wrong is the misrepresentations made to appellant which induced her to purchase the home in question. *See Schecter v. Brewer,* 344 S.W.2d 784 (Mo. Ct. App. 1961); *Saporta v. Barbagelata,* 220 Cal. App.2d 463, 33 Cal. Rptr. 661 (1963); *Lingsch v. Savage,* 213 Cal. App.2d 729, 29 Cal. Rptr. 201 (1963).

HRS § 657-7 has been interpreted to apply to "claims for damages resulting from *physical* injury to persons or *physical* injury to tangible interests in property." *Higa v. Mirikitani,* 55 Haw. 167, 169-70 & n.5, 517 P.2d 1, 3 & n.5 (1973). In that case, we found that legal malpractice involved nonphysical injury to an intangible interest of plaintiff, thus HRS § 657-1(1) applied. *Id.*

However, the instant case does not involve the kinds of injury to which HRS §§ 657-7 and 657-1(1) would apply. Although the end result of the fraudulent representation was physical injury to appellant's tangible interest in property, wherein HRS § 657-7 would seemingly apply, we believe that the instant case falls within the purview of HRS § 657-1(4).[6] The nature of this claim is not the

---

[6] HRS § 657-1(4) states in pertinent part:

The following actions shall be commenced within six years next after the cause of

physical injury to property, rather it is the making of the fraudulent representations concerning the condition of the home which induced appellant to purchase it. Since fraudulent representations are not governed by a specific limitations period, the general limitations period set forth in HRS § 657-1(4) applies.

This statute provides a six-year statute of limitations for personal actions not specifically covered elsewhere. A personal action has been defined as:

> ... an action brought for the recovery of personal property, for the enforcement of a contract or to recover for its breach, or for the recovery of damages for the commission of an injury to the person or property; an action for the recovery of a debt, or damages from the breach of contract, or for a specific personal chattel, or for the satisfaction in damages for injury to the person or property. (Footnotes omitted.)

*Powell v. Buchanan,* 245 Miss. 4, 147 So.2d 110 (1962); 1 C.J.S. *Actions,* § 1. Since this definition includes fraudulent representations, the six-year limitations period is applicable.

We hold that the relevant limitations period for fraudulent representation is governed by HRS § 657-1(4). Thus, appellant's claim under Count I was timely filed.

### III.

Count II alleges that appellees failed to verify the truth of the statements made concerning the water stain and the existence of water leakages in the residence. Negligent representation has been defined as "... the duty of one who volunteers information to another not having equal knowledge, with the intention that he will act upon it, to exercise reasonable care to verify the truth of his statements before making them." *Mertens v. Wolfeboro Nat. Bank,* 119

---

action accrued, and not after:

\* \* \* \* \*

> (4) Personal actions of any nature whatsoever not specifically covered by the laws of the State.

Originally, this section was a four-year limitations period set forth in HRS § 657-12, which was repealed in S.L.H. 1972, ch. 105, § 1(q), and made a part of HRS § 657-1 as (4).

N.H. 453, 456, 402 A.2d 1335, 1337 (1979) (quoting *Maxwell Ice Co. v. Company,* 80 N.H. 236, 238, 116 A.2d 34, 35 (1921)). Since the nature of the claim is for negligent representation, the reasoning set forth in Part II of this opinion regarding the relevant limitations period is applicable here. Thus, Count II was also timely filed because the limitations period in this instance is HRS § 657-1(4).

IV.

Count III alleges that both appellees expressly warranted that the residence was free of water leaks and that the stain was not the result of water leakages.

Representations made to a prospective purchaser by a vendor concerning the condition of a dwelling is an express warranty. *Jackson v. Buesgens,* 290 Minn. 78, 186 N.W.2d 184 (1971); *Steadman v. Turner,* 84 N.M. 738, 507 P.2d 799 (Ct. App. 1973); *Caparrelli v. Rolling Greens, Inc.,* 39 N.J. 585, 190 A.2d 369 (1963); *Annot.* 8 A.L.R.3d 550.

The general rule regarding warranties is found in *Metropolitan Coal Co. v. Howard,* 155 F.2d 780 (2nd Cir. 1946), where the court said:

[A] warranty is an assurance by one party to a contract of the existence of a fact upon which the other party may rely. It is intended precisely to relieve the promisee of any duty to ascertain the fact for himself; it amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue, for obviously the promisor cannot control what is already in the past.

155 F.2d at 784.

Appellees contend that the two-year limitations period of HRS § 657-7 is applicable because Count III involves injury to property.

Appellant urges that HRS § 657-1(1)[7] is the applicable limitations period. She contends that the nature of the claim in Count III is a

---

[7] HRS § 657-1(1) reads:

The following actions shall be commenced within six years next after the cause of action accrued, and not after:

(1) Actions for the recovery of any debt founded upon any contract, obligation or liability, excepting such as are brought upon the judgment or decree of a court; . . .

breach of express warranty; thus it is an action in contract where HRS § 657-1(1) applies.

We agree with the appellant's contention that the relevant limitations period for Count III is the six-year period set forth in HRS § 657-1(1). A warranty results from the contractual relationship existing between the parties. *See Vilord v. Jenkins,* 226 So.2d 245 (Fla. Dist. Ct. App. 1969); *Doerr v. Villate,* 74 Ill. App. 2d 332, 220 N.E.2d 767 (1966); *Robins v. Firestone,* 308 N.Y. 543, 127 N.E.2d 330 (1955). The nature of the claim in Count III is based on a breach of contract warranty.[8]

In medical malpractice cases, courts have held that patients can contract with doctors for particular results. A warranty is created when assurances are given that certain results will not occur; if the event does happen, there would exist an independent action for breach of contract warranty. *See Doerr v. Villate, supra; Robins v. Firestone, supra.*

Normally, the statute of limitations begins to run on a contract when the contract is breached. However, a distinction is made between a warranty which relates to an existing fact or event and a future fact or event. *Vilord v. Jenkins, supra* at 247. In the case of an existing fact, the breach occurs when the contract is made. However, the breach of a future fact does not occur until and unless it happens.

In *Vilord v. Jenkins, supra,* the doctor expressly warranted to a woman-patient that his female sterilization process would render her sterile. Five years after the treatment, the woman became pregnant. The court held that an action for breach of warranty existed and the statute of limitations did not begin to run until the woman became pregnant because the warranty of a future fact was not breached until the happening of the future event.

In the instant case, the warranty made by appellees related to a future event. The limitation period did not begin to run until the happening of the event, the initial water leakages in late December 1973. Since the instant law suit was initiated in February 1976, it was within the six-year limitations period of HRS § 657-1(1). We hold that appellant's claim under Count III was not barred by the statute of limitations.

---

[8] An express warranty can be made orally or in writing. Jackson v. Buesgens, *supra.* In the instant case, the alleged warranty was oral.

Appellees also argue that the parol evidence rule prohibits appellant from presenting evidence to support or to assert the claim of a breach of an express warranty. Appellees contend that appellant's allegations attempt to contradict or alter the terms of the Agreement of Sale which were supposed to embody the entire agreement of the parties. The record is insufficient for us to reach the merits of this question. However, we note that there are numerous instances in which the parol evidence rule was inapplicable. *See, e.g., Caparrelli v. Rolling Green, Inc., supra* (warranty evidence admissible as a collateral agreement to deed for land); *Goglia v. Rand,* 114 N.H. 289, 319 A.2d 281 (1974) (parol evidence admissible to clarify ambiguity); *Smith v. Michael Kurtz Const. Co.,* 232 N.W.2d 35 (N.D. 1975) (representations made prior to written contract which induced party to sign were held not to violate parol evidence rule). Since this case must be remanded as to Counts I, II and III, we need not reach this issue.

V.

Finally, we consider whether the court below was warranted in dismissing Count IV.

Count IV alleged a breach of the agreement of sale by appellee Au due to the recurring water leakages.[9] After a careful examina-

---

[9] Count IV reads:

21. Vendee realleges paragraphs 1, 2, 4 and 9.

[1. At all relevant times herein, vendee has been and presently is a resident of the City and County of Honolulu, State of Hawaii.

2. At all relevant times herein, defendant Gordon S. K. Au (hereinafter referred to as vendor) has been and presently is a resident of the City and County of Honolulu, State of Hawaii.

4. On or about October 26, 1973, vendee purchased from vendor on an agreement of sale, a copy of which is attached hereto as Exhibit "A" and incorporated by reference herein, a two-story dwelling located at 2048 Mauna Place, Honolulu, Hawaii (hereinafter referred to as residence.)

9. On or about the latter part of December, 1973, the bottom story of the residence was inundated with water as a result of leakages therein, and said inundations have been reoccurring thereafter.]

22. Due to the recurrent inundations of water in the residence, vendor has breached the agreement of sale (Exhibit "A").

23. As a result of vendor's breach of the agreement of sale, vendee has suffered special damages provable at trial and general damages in the sum of $50,000.00.

 

tion of the record, we are unable to determine the nature of the claim alleged in Count IV.

Generally, pleadings should be construed liberally and not technically. *Island Holidays, Inc., v. Fitzgerald,* 58 Haw. 552, 574 P.2d 884 (1978). Thus, Rule 8(a) H.R.C.P., requires a complaint to set forth a "short and plain statement of the claim. . . ." This requirement under our pleading system provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests. *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *Hall v. Kim,* 53 Haw. 215, 491 P.2d 541 (1971). We repeatedly have said that the Rules of Civil Procedure were not meant to be a game of skill where one misstep by counsel would be decisive to the outcome. *Conley v. Gibson, supra; Hall v. Kim, supra.* Although a motion to dismiss for failure to state a claim should rarely be granted, a complaint may be dismissed when it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson, supra; Hall v. Kim, supra; Midkiff v. Castle & Cooke,* 45 Haw. 409, 368 P.2d 887 (1962).

In the instant case, even liberally construing the pleadings of Count IV, we believe that appellant can prove no set of facts which would entitle her to relief under that claim. Count IV fails to specify what provisions of the agreement of sale were breached. Thus, this count fails to give appellees fair notice of what appellant's claim is or the grounds upon which it rests.

Therefore, we hold that the dismissal of Count IV was proper.[10]

## VI.

We reverse the order of the trial court as to Counts I, II, and III and remand the case for further proceedings not inconsistent with this opinion. We affirm the dismissal of Count IV of the complaint.

Affirmed· in part, reversed in part.

---

[10] The court below reached the correct conclusion but its reasons for the dismissal were erroneous. This court has held that where the correct decision was reached but there was an error in the reasoning, we will not disturb such a decision on appeal. Fed. Electric Corp. v. Fasi, 56 Haw. 57, 527 P.2d 1284 (1974); Waianae Model Neighborhood Area Assn., Inc. v. City & County, 55 Haw. 40, 514 P.2d 861 (1973).

*George Kimura (Leslie Togioka* with him on the briefs) for plaintiff-appellant.

*Reuben S. F. Wong (Robert K. Matsumoto* with him on the brief) for defendants-appellees.