**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHELE C. RUNDGREN, | No. 13-16417 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00252-JMS-BMK |
| v. | |
| BANK OF NEW YORK MELLON CORP., a New York corporation; COUNTRYWIDE HOME LOANS, INC., a California corporation, by merger now Bank of America; BANK OF AMERICA, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted February 10, 2016[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Michele Rundgren ("Rundgren") appeals district court orders granting Bank of New York Mellon's ("BONY") motion to dismiss, granting BONY, Countrywide Home Loans, Inc., and Bank of America Corp.'s (collectively, "Defendants") motion for summary judgment, and denying her additional time to conduct discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Rundgren's wrongful foreclosure claims. Haw. Rev. Stat. § 667-5.7 (as codified in 2010) explains that "the successful bidder at the public [foreclosure] sale . . . shall not be required to make a downpayment to the foreclosing mortgagee of more than ten per cent of the highest successful bid price." The parties do not contest that BONY complied with that requirement. Because § 667-5.7 is silent as to when the mortgagee may demand payment of the full balance of the winning foreclosure sale bid, BONY did not violate the statute by requiring full payment within twenty-one days of the sale.

Similarly, BONY's published notices of the foreclosure sale complied with Haw. Rev. Stats. §§ 667-5, -7 (as codified in 2010). BONY did not violate these provisions by referring prospective bidders to additional information posted on an Internet website.

2.  The district court properly granted summary judgment to Defendants as to Rundgren's fraud claim pleaded under Haw. Rev. Stat. Ch. 480.  Assuming without deciding that fraudulent concealment could serve to equitably toll Chapter 480's four-year statute of limitations, *see* Haw. Rev. Stat. § 480-24, Rundgren has not shown that Defendants actively concealed the material elements of her claim or prevented her from discovering her claim following a duly diligent inquiry, *see Au v. Au*, 626 P.2d 173, 178 (Haw. 1981); *see also Conmar Corp. v. Mitsui & Co. (USA)*, 858 F.2d 499, 502 (9th Cir. 1988).  Accordingly, Rundgren's 2010 action—brought more than five years after the accrual of her Chapter 480 claim—is time-barred as to that claim.

3.  The district court did not abuse its discretion by denying Rundgren's request for additional time to conduct discovery.  Rundgren has not "show[n] by affidavit or declaration" that she was unable to "present facts essential to justify" her opposition to Defendants' motion for summary judgment.  Fed. R. Civ. P. 56(d); *see also Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (explaining that a "party requesting a continuance" must identify the "specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

**AFFIRMED.**

3