NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL THOMAS RYAN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ASSOCIATION OF APARTMENT OWNERS OF WAIKIKI LANDMARK, by and through its Board of Directors, <br><br> Defendant - Appellee. | No. 25-92 <br><br> D.C. No. 1:21-cv-00438-SASP-KJM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawai'i
Shanlyn A. S. Park, District Judge, Presiding

Argued and Submitted October 6, 2025
Honolulu, Hawai'i

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Plaintiff Michael Thomas Ryan appeals the district court's order granting

Defendant Association of Apartment Owners of Waikiki Landmark's motion for

judgment on the pleadings. After Ryan failed to pay condominium association

dues, the Association foreclosed on its lien and sold Ryan's property at a public

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

auction, pursuant to Hawai'i Revised Statutes ("HRS") §§ 667-5 through 667-10, known as "Part I." Although the Association did not have authority under Part I to foreclose on Ryan's property, *see Malabe v. Ass'n of Apartment Owners of Exec. Ctr. ex rel. Bd. of Dirs.*, 465 P.3d 777 (Haw. 2020), Ryan did not challenge the foreclosure sale until ten years later, after he learned of the Hawai'i Supreme Court's decision in *Malabe*. The District Court for the District of Hawai'i granted the Association's motion for judgment on the pleadings on the ground that the claims are barred by the applicable statutes of limitations.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's ruling on a motion for judgment on the pleadings de novo. *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022). We affirm.

1.      The district court correctly determined that Ryan's claims are barred by HRS § 480-24's four-year statute of limitations and HRS § 657-1's six-year statute of limitations. Ryan contends that the statutes of limitations do not apply because the Association's deed from the purchase of the apartment at the foreclosure sale was *void ab initio*, as the Association did not have authority to use Part I.[1] But the Hawai'i Supreme Court held in *Delapinia v. Nationstar Mortgage*

---

[1] The Association argues that Ryan did not timely raise this argument before the district court, so it is not properly before us in this appeal. Because the district

*LLC* that "regardless of whether the violation was statutory or contractual, substantial or a mere irregularity[,] … wrongful foreclosures in violation of a power of sale are voidable." 497 P.3d 106, 119 (Haw. 2021). The reasoning of *Delapinia* applies equally here. Because, under state law, a deed of foreclosure undertaken without authority is voidable, not *void ab initio*, the statutes of limitations apply.

2.    We also agree with the district court that the statute of limitations was not tolled in this case.

To be entitled to tolling based on fraudulent concealment, Ryan must show that the Association engaged in an affirmative, fraudulent act to conceal the facts giving rise to Ryan's claims. *See Au v. Au*, 626 P.2d 173, 178 (Haw. 1981). To attempt to show fraud, Ryan relies solely on the Association's representations in the Notice of Foreclosure and Affidavit of Foreclosure that it had a power of sale and was authorized to conduct a nonjudicial foreclosure. But those representations did not conceal the facts giving rise to Ryan's cause of action. In the operative complaint, Ryan does not allege that the Association engaged in any other fraudulent act with the particularity required in federal courts. Fed. R. Civ. P. 9(b).

To be entitled to tolling under the discovery rule, Ryan must show that he

court nonetheless addressed the merits of the argument and because the Association would not be prejudiced, we too will address it.

3                                          25-92

did not know or could not, despite the exercise of reasonable diligence, have known of the Association's wrongful conduct. *Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.*, 167 P.3d 225, 270 (Haw. 2007). Ryan contends the statute of limitations should be tolled to the date he learned that the Association did not hold a mortgage with a power of sale and that, under *Malabe*, this meant the Association was not authorized to use Part I to foreclose on his property. But his discovery of *Malabe*'s holding is a discovery of law, not a discovery of a fact, and Ryan could have figured out that the Association did not hold a mortgage with a power of sale using reasonable diligence at the time that the Association foreclosed on his condominium. *See Hays v. City & Cnty. of Honolulu*, 917 P.2d 718, 720, 726 (Haw. 1996). Ryan argues that he was justified in relying on the Association's representations that the foreclosure was authorized without any further investigation because the Association had a fiduciary duty to be truthful to him and to avoid making statements that could be misconstrued. Ryan fails to identify any state law doctrine imposing such a fiduciary duty on the Association in this context.

Because the statutes of limitations apply and Ryan is not entitled to tolling, his claims are untimely, and the Association is entitled to judgment on the pleadings. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

4                                        25-92

**AFFIRMED**.