**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000692
19-MAR-2026
07:55 AM
Dkt. 69 SO**

NO. CAAP-23-0000692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ERIC ROBERT DAY, Plaintiff-Appellant,
v.
ASSOCIATION OF APARTMENT OWNERS OF KAIOLU SUNRISE,
by and through its Board of Directors, Defendant-Appellee,
and
JOHN and JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE GOVERNMENTAL UNITS 1-20;
and DOE ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0001617)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Eric Robert **Day** sued the Association of Apartment
Owners of Kaiolu Sunrise (**AOAO**) for wrongful foreclosure eleven
years after the AOAO nonjudicially foreclosed its lien on Day's
apartment. The Circuit Court of the First Circuit granted
summary judgment for the AOAO.[1] Day appeals from the *Judgment*
for the AOAO. We affirm the Judgment because the Circuit Court
correctly concluded that Day's claims were time-barred.

---

[1] The Honorable James H. Ashford presided.

### Background

Day owned a unit in the Kaiolu Sunrise condominium. In 2010, the AOAO notified Day it was nonjudicially foreclosing its lien on his unit. The AOAO recorded its ***Affidavit of Non-judicial Foreclosure*** *Sale Under Power of Sale* in the Land Court on July 20, 2010. Day's unit was sold to the AOAO. Title to the unit was conveyed to the AOAO by quitclaim deed recorded on July 23, 2010.

Almost ten years later, Day received a letter from attorney Steven K.S. **Chung** dated June 25, 2020. It stated:

> You may be the victim of wrongful foreclosure and entitled to compensation for the home you lost. The Supreme Court of the State of Hawaii in *Malabe v. AOAO of Executive Centre* ruled on June 17, 2020 in our favor determining that associations were not authorized to use HRS Sec. 667-5 to conduct nonjudicial foreclosures. Under this Supreme Court's [sic] ruling, condominium associations who conducted nonjudicial foreclosures under HRS Sec. 667-5 are now liable for the losses they caused and must pay compensation to the owners of the homes they foreclosed.
>
> We are the lead attorneys helping victims of wrongful foreclosure recover monetary damages from homeowner associations. Please contact our office at (808) 521-9500 for more information. There is no cost or obligation.

In <u>Malabe v. Association of Apartment Owners of Executive Centre</u>, 147 Hawaiʻi 330, 465 P.3d 777 (2020), the supreme court held, "in order for an association to utilize the nonjudicial power of sale foreclosure procedures set forth in [Hawaii Revised Statutes (**HRS**)] Chapter 667, a power of sale in its favor must have existed in association bylaws or in another enforceable agreement with unit owners." <u>Id.</u> at 339, 465 P.3d at 786.

Day sued the AOAO on December 30, 2021. His complaint contained counts for conversion/wrongful foreclosure; negligent misrepresentation and nondisclosure; negligent supervision; wrongful eviction; unfair or deceptive acts or practices; and fraud.

2

The AOAO moved for summary judgment. It did not argue it had a power of sale; it argued that Day's claims were time-barred, and that he couldn't prove damages. The order granting the motion was entered on May 12, 2023. The Judgment was entered on November 9, 2023. This appeal followed.

### Points of Error

Day's opening brief states five overlapping points of error. He contends the Circuit Court erred by granting summary judgment for the AOAO because there were genuine issues of material fact about whether (1) the statute of limitations should be tolled and (2) he was entitled to recover damages.

### Standard of Review

The grant or denial of summary judgment is reviewed *de novo*. Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013). Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. A fact is material if proof of that fact would establish or refute an essential element of a party's cause of action or defense. Id. at 55–56, 292 P.3d at 1285–86.

### Discussion

The six-year statute of limitations of HRS § 657-1(4) applies to a wrongful foreclosure claim.[2] McCullough v. Bank of Am., 156 Hawaiʻi 446, 455, 575 P.3d 536, 545 (2025).

A "wrongful foreclosure action is based in tort." Id. "[A] tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the

---

[2] Day presents no argument about the statutes of limitation applicable to his other claims.

[wrongful conduct], the damage, and the causal connection between the two." <u>Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc.</u>, 115 Hawaiʻi 232, 277, 167 P.3d 225, 270 (2007).

The AOAO's *Notice of Association's Non-judicial Foreclosure under Power of Sale* stated:

> [AOAO], existing under the provisions of Chapters 514A and 514B, Hawaii Revised Statutes, as amended and as applicable, as Lienholder, under and pursuant to Sections 514B-146 and 667-5 through 667-10, HRS, as amended, **notice that [AOAO] will hold a sale by public auction [of Day's condominium unit]**.

The Affidavit of Non-judicial Foreclosure stated:

> 3.    Affiant certifies that in compliance with and pursuant to *Hawaii Revised Statutes*, Chapter 667, Sections 667-5 through 667-10 and Chapters 514A and 514B, Section 514B-146, the Restatement of the Declaration of Condominium Property Regime for the "KAIOLU SUNRISE" Condominium Project, dated February 20, 2004, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3077393, as amended, the Restatement of the By-Laws of the Association of Apartment Owners of Kaiolu Sunrise, dated February 20, 2004 filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3077394 (collectively "Declaration"), and the Notice of Lien and Notice of Special Assessment Lien dated April 9, 2010, filed in said Office on April 13, 2010, as Document No. 3954903, Affiant:
>
>     . . . .
>
>     (e)    Caused a conveyance of the subject property by way of an Association's quitclaim conveyance to be delivered to said purchaser. The closing date of the transaction is the date of the recordation of the [AOAO]'s quitclaim conveyance.

Day submitted a declaration in opposition to the AOAO's motion for summary judgment. It stated:

> 6.    I did not know that the AOAO did not have a Power of Sale to sell the Apartment and/or that the AOAO was not authorized to sell my Apartment by way of a Power of Sale until after June 25, 2020 when I received a letter dated June 25, 2020 from Steven K. S. Chung, Esq.'s law office advising me that the Hawaii Supreme Court ruled that condominium associations were not authorized to use §667-5 of the Hawaii Revised Statutes to conduct nonjudicial foreclosures.

4

> . . . .
>
> 8.   As a result of the AOAO's wrongful foreclosure, I sustained damages based upon the value of the Apartment that was wrongfully taken from me.
>
> . . . .
>
> 11.   . . . As a result of the AOAO's wrongful foreclosure, I sustained additional damages as I was unable to collect rental income . . . .

It was thus uncontroverted that Day knew of the AOAO's conduct (the nonjudicial foreclosure), his alleged damages, and the causal connection, by July 23, 2010 (when the quitclaim deed was recorded).

Day argues his claims did not accrue until some date after June 25, 2020, when he received Chung's letter "advising him of the AOAO's wrongful conduct and realizing that he had been defrauded by the AOAO[.]"  The supreme court's comment in Hays v. City & County of Honolulu, 81 Hawaiʻi 391, 917 P.2d 718 (1996), also applies here:

> To apply the discovery rule in the present case would effectively allow [a] plaintiff[] to indefinitely preserve a claim and delay the start of the statutory limitations period until he or she seeks legal advice.

Id. at 398, 917 P.2d at 725.

Day "need only have *factual* knowledge of the elements necessary for an actionable claim; *legal* knowledge of [the AOAO's wrongful conduct] is not required."  Newtown Meadows, 115 Hawaiʻi at 277, 167 P.3d at 270 (emphasis added).  Day may not have understood the legal significance of the AOAO not having a power of sale, but "an essential part of an injured plaintiff's duty of diligence regarding the timely prosecution of his or her claim imposed by a statute of limitations is to seek legal advice regarding the presence and/or viability of a potential claim; a plaintiff's failure to seek legal advice from an attorney will

not alone entitle the plaintiff to respite from a statute of limitations." Hays, 81 Hawaiʻi at 399, 917 P.2d at 726; see also Acol v. Dep't of Hum. Servs., 155 Hawaiʻi 299, 311, 564 P.3d 317, 329 (App. 2025) ("A plaintiff's lack of knowledge regarding the legal duty upon which they may base a cause of action does not delay the start of the limitations period." (citing Hays, 81 Hawaiʻi at 398, 917 P.2d at 725)).

Day argues the AOAO fraudulently concealed it didn't have a power of sale, and the fraudulent concealment tolled the statute of limitations under HRS § 657-20. As is relevant here, the statute provides:

> If any person who is liable to any of the actions mentioned in this part . . . fraudulently conceals **the existence of the cause of action** . . . from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, **the existence of the cause of action** . . . , although the action would otherwise be barred by the period of limitations.

HRS § 657-20 (2016) (emphasis added).

> Fraudulent concealment has been defined as employment of artifice, planned to **prevent inquiry or escape investigation**, and misled [sic] or **hinder acquirement of information** disclosing a right of action. **The acts relied on must be of an affirmative character** and fraudulent. Fraudulent concealment involves the actions taken by a liable party to conceal a known cause of action.

Au v. Au, 63 Haw. 210, 215, 626 P.2d 173, 178 (1981) (cleaned up) (emphasis added).

Here, the AOAO's notice of foreclosure and its affidavit of foreclosure clearly stated the authority upon which it relied to conduct the nonjudicial foreclosure. Day, or an attorney he could have retained, could have read the statutes and the AOAO's restated declaration and bylaws (which, being recorded in Land Court, were matters of public record) and made the same argument later made by the Malabe plaintiffs.

6

The supreme court distinguished <u>Au</u> in a footnote in <u>Malabe</u>:

> The Malabes' complaint pled that the AOAO had fraudulently concealed the wrongfulness of the foreclosure proceedings by implying, stating, and/or misrepresenting that it held a mortgage with a power of sale when it did not, or that it was authorized to use HRS § 667-5 when it could not, that they relied on the false statements and representations of the AOAO concerning the AOAO's right to conduct a public sale pursuant to HRS § 667-5, and that they were entitled to so rely because they were members of the AOAO, because of the AOAO's trustee-like relationship with them, and because the AOAO was acting as an agent or attorney on their behalf. ***Based on our notice pleading standards***, we therefore cannot say that "it appears beyond doubt that the [Malabes] can prove no set of facts in support of [their] claim that would entitle [them] to relief" with respect to equitable tolling by reason of fraudulent concealment based on the <u>Au</u> standard.

<u>Malabe</u>, 147 Hawaiʻi at 357 n.36, 465 P.3d at 804 n.36 (emphasis added).

<u>Malabe</u> involved a motion to dismiss. Here, the AOAO moved for summary judgment. Day did not offer evidence that the AOAO affirmatively prevented or hindered him from investigating, acquiring information, or retaining an attorney to determine whether it could legally nonjudicially foreclose its lien. He did not meet his burden to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." <u>Ralston</u>, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87.

A footnote to Day's opening brief mentions equitable tolling. "Equitable tolling" is a "doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." <u>Narmore v. Kawafuchi</u>, 112 Hawaiʻi 69, 75 n. 15, 143 P.3d 1271, 1277 n. 15 (2006). The doctrine doesn't apply here because Day knew he was injured when he lost his apartment in the nonjudicial foreclosure.

On this record, we hold that the statute of limitations on Day's wrongful nonjudicial foreclosure claim began to run on July 23, 2010, when the quitclaim deed was recorded, and the six-year period under HRS § 657-1(4) was not tolled.  It expired on July 24, 2016.  Even if the AOAO's nonjudicial foreclosure was wrongful as alleged, Day's complaint, filed on December 30, 2021, was time-barred.

We need not address Day's remaining point of error.

The November 9, 2023 Judgment for the AOAO and against Day is affirmed.

DATED: Honolulu, Hawaiʻi, March 19, 2026.

On the briefs:

Roy T. Ogawa,
Richard A. Ing,
Steven K. S. Chung,
Anthony F. T. Suetsugu,
for Plaintiff-Appellant
Eric Robert Day.

John D. Zalewski,
Lissa H. Andrews,
for Defendant-Appellee
Association of Apartment
Owners of Kaiolu Sunrise.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge