**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000103**
**28-JUN-2022**
**07:45 AM**
**Dkt. 80 MO**

NO. CAAP-18-0000103

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LAURA SCHICK, Personal Representative of the
Estate of Robert A. Schick, Plaintiff-Appellant,
v.
NATIONSTAR MORTGAGE LLC; FEDERAL NATIONAL MORTGAGE
ASSOCIATION; NENITA JOSE WESTBERG; CENTRAL PACIFIC HOMELOANS,
INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendants-Appellees,
and
DOE DEFENDANTS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0039)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Leonard and McCullen, JJ.)


Plaintiff-Appellant Laura Schick (**Schick**), personal

representative of the Estate of Robert A. Schick (**Decedent**),

appeals from the Amended Final Judgment entered against her by

the Circuit Court of the Second Circuit (**Circuit Court**)[1] on

December 24, 2018 (**Amended Judgment**), which entered judgment

_____

[1]     The Honorable Rhonda I.L. Loo presided.

against Schick and in favor of Defendants-Appellees Nationstar Mortgage, LLC (**Nationstar**), Federal National Mortgage Association (**Fannie Mae**) (collectively, **Nationstar Defendants**), and Nenita Jose Westberg (**Westberg**), Central Pacific Homeloans, Inc. (**Central Pacific**) (collectively, **Westberg Defendants**).[2]  In addition, Schick challenges the Circuit Court's December 12, 2017 Order Granting [Nationstar Defendants'] Motion for Judgment on the Pleadings (**Order Granting Nationstar Motion**) and December 14, 2017 Order Granting [Westberg Defendants] Motion for Judgment on the Pleadings or, Alternatively, Summary Judgment (**Order Granting Westberg Motion**).

I.   RELEVANT BACKGROUND

A.   The Property

        It appears to be undisputed that on March 14, 2008, Decedent executed a promissory note (**Note**) secured by a mortgage (**Mortgage**) on certain real property located on Kuukama Street in Kahului, Hawaiʻi (**Property**).  The Mortgage identified the Decedent as the borrower, Herman-Morris Enterprises Inc. (**HMEI**) as the lender, and MERS as the beneficiary, solely as nominee for HMEI and its successors and assigns.  The Mortgage's power of sale clause granted MERS the right to, *inter alia*, "foreclose and sell the Property; and to take any action required of [HMEI]

---

        [2]     Mortgage Electronic Registration Systems (**MERS**) was a defendant until October 4, 2017, when the Circuit Court approved a stipulation for dismissal without prejudice of Schick's Complaint as to MERS.

including, but not limited to, releasing and canceling this Security Instrument."

On October 26, 2010, an Assignment of Mortgage was recorded in the State of Hawaiʻi Bureau of Conveyances (**Bureau**). The assignment reflected MERS's transfer of right, title, and interest in the Property to Nationstar.  It appears that Decedent subsequently defaulted, and on Novermber 8, 2010, Nationstar filed a Notice of Mortgagee's Intention to Foreclose Under Power of Sale (**Notice of Sale**) with the Bureau.  The Notice of Sale was posted at the Property on November 11, 2010, and published in the Honolulu Star-Advertiser on November 16, November 22, and November 29, 2010.  The Notice of Sale stated that the Property would be sold at public auction on January 10, 2011.

On February 10, 2011, Nationstar recorded Mortgagee's Affidavit of Foreclosure Under Power of Sale executed by Nationstar attorney Peter Stone (**Affidavit of Foreclosure**).  The Affidavit of Foreclosure stated that the Property was sold at auction on January 31, 2011, rather than January 10, 2011, to Nationstar, or its nominee.

On March 29, 2011, Nationstar conveyed the property to Fannie Mae.  Nationstar recorded a quitclaim deed at the Bureau on April 4, 2011.  On September 7, 2011, Fannie Mae conveyed the Property to Westberg and recorded a limited warranty deed with the Bureau on September 9, 2011.  On August 25, 2011, Westberg apparently executed a promissory note in favor of MERS, as

nominee for Central Pacific, secured by a mortgage on the Property (**Westberg Mortgage**), which was recorded on September 9, 2011.

B.    Circuit Court Proceedings

On January 31, 2017, Schick filed a Complaint (**Complaint**), asserting claims of (1) quiet title, ejectment, and for declaratory relief and/or damages against all defendants; and (2) wrongful foreclosure against the Nationstar Defendants.

In Count I, Schick alleged, *inter alia*, that the Nationstar Defendants failed to comply with Part I of Hawaii Revised Statutes (**HRS**) Chapter 667 (Supp. 2008), that the deed from Nationstar to Fannie Mae was "void, or at the very least voidable," and thus, "the deed from Fannie Mae to Westberg was likewise void or at the very least voidable."  Schick requested that the Circuit Court award her title and possession of the Property and quiet any claim of title by the defendants, or in the alternative, that the Circuit Court "fashion a remedy in money damages against Nationstar and Fannie Mae that would be equivalent to having title and possession restored."

In Count II, Schick alleged, *inter alia*, that the Nationstar Defendants' conduct constituted wrongful foreclosure, and that as a result of the wrongful foreclosure, Decedent lost possession of and title to the Property, including a loss of the market value of the Property, as well as a loss of the use and/or rental value of the Property.  As remedy for the alleged wrongful

foreclosure, Schick requested that the Circuit Court award actual and punitive damages.

The Complaint also asserted that the twenty-year statute of limitations under HRS § 657-31 (2016)[3] applies to the action, or in the alternative, that the six-year statute of limitations under HRS § 657-1(4) (2016)[4] applied.

On August 23, 2017, the Nationstar Defendants filed an Answer to Complaint, asserting, *inter alia*, various affirmative defenses, including laches, and requested that the Circuit Court enter judgment in their favor.

On September 27, 2017, the Westberg Defendants filed an Answer to Complaint (**Westberg Answer**), as well as a Cross-Claim against the Nationstar Defendants (**Westberg Cross-Claim**). The Westberg Answer asserted several affirmative defenses, including that the Complaint was barred by the statute of limitations, undue delay, waiver, laches, estoppel, and unclean hands. The

---

[3]    HRS § 657-31 provides:

> **§ 657-31 Twenty years.** No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued.

[4]    HRS § 657-1 provides, in pertinent part:

> **§ 657-1 Six years.** The following actions shall be commenced within six years next after the cause of action accrued, and not after:
>
> . . . .
>
>    (4)    Personal actions of any nature whatsoever not specifically covered by the laws of the State.

Westberg Cross-Claim was later dismissed without prejudice, by stipulation.

On September 28, 2017, the Nationstar Defendants filed [Nationstar Defendants'] Motion for Judgment on the Pleadings (**Nationstar Motion for JOP**), which was supported by a declaration of counsel and exhibits.  Movants argued that the Complaint was untimely and that a two-, or at most six-, year statute of limitations applies to bar Schick's claims.  The Nationstar Defendants also asserted that, should the Circuit Court find the Complaint timely, the doctrine of laches applies as a bar to Schick's claims because Schick had not been vigilant in safeguarding her rights, and her unreasonable delay resulted in significant prejudice to the Nationstar Defendants.

On October 11, 2017, the Westberg Defendants filed [Westberg Defendants'] Motion for Judgment on the Pleadings or, Alternatively, Summary Judgment (**Westberg Motion**), which was support by a declaration of counsel and exhibits.  The Westberg Defendants argued that they were innocent purchasers for value, and that even if the Property was wrongfully foreclosed, the title was voidable, not void.  They further argued that they did not have constructive notice of any alleged defects in the Property's title, and that Schick's argument was inconsistent with Hawaiʻi Supreme Court precedent in Santiago v. Tanaka, 137 Hawaiʻi 137, 366 P.3d 612 (2016), and Mount v. Apao, 139 Hawaiʻi 167, 384 P.3d 1268 (2016).

On November 6, 2017, Schick filed oppositions to the defendants' motions, which were supported by declarations of counsel and exhibits.  In response to the Westberg Motion, Schick argued, *inter alia*, that the Westberg Defendants' reliance on Santiago was misplaced because, in that case, the property sale did not take place until the nonjudicial sale had been approved by a circuit court judge, and because the new buyer had not been made a party in Santiago.  Schick also relied on Pelosi v. Wailea Ranch Estates, 91 Hawaiʻi 478, 985 P.2d 1045 (1999), arguing that the Westberg Defendants were not bona fide purchasers because they had constructive notice of Nationstar's wrongful foreclosure of the Property.

In response to the Nationstar Motion for JOP, Schick argued that at least a six-year statute of limitations should apply to the Complaint, and that her cause of action did not accrue at least until the injury occurred – *i.e.*, the recording of the Affidavit of Foreclosure on February 10, 2011 -- and was discoverable by Schick.  Schick argued that Silva v. Lopez, 5 Haw. 262, 271 (1884), should be considered in analyzing whether the deed was void or merely voidable.  Schick also argued that the equitable defense of laches should not be applied to this case.

On November 8, 2017, the Nationstar Defendants filed a reply memorandum, arguing that Schick's claims accrued on November 8, 2010 - the date the Notice of Sale was received and

recorded.  The Nationstar Defendants argued that Schick's claims were barred by either the two-year or six-year statute of limitations, and that the 20-year statute of limitations did not apply because this was not an adverse possession case.  The Nationstar Defendants reiterated that even if the nonjudicial foreclosure did not comply with statutory requirements, the deed was merely voidable, rather than void, under Santiago.  Lastly, the Nationstar Defendants responded to Schick's claim that laches was not a viable defense.

On November 8, 2017, the Westberg Defendants filed a reply memorandum, arguing that they did not have constructive notice of any alleged defects in the title to the Property, thus they were innocent good faith purchasers, and even assuming the nonjudicial foreclosure was wrongful, Schick's remedy was limited to monetary damages from the Nationstar Defendants, rather than possession.

On November 14, 2017, a hearing was held on the Westberg Motion.  The Circuit Court did not exclude the exhibits submitted with the motion and appears to reference facts supported by them.  The court announced its ruling as follows:

> The Court, having had an opportunity to review the motion, the opposition, the reply, the Court's going to grant defendant's motion for judgment on the pleadings.
>
> In the wrongful foreclosure action, plaintiff seeks to render all subsequent conveyances void or, two, seeks a finding that the subsequent buyer had constructive notice of the alleged defective foreclosure.
>
> The Court finds that defendant has met their burden of proof by establishing no material issues of fact that remain

> to be resolved in either of these issues; thereby, entitling them to judgment as a matter of law.
>
> On the issue of voidability, plaintiffs are mistaken on their reliance of the Silva v. Lopez case.  Silva has, in fact, been impliedly overturned.  The Federal Court and the Supreme Court of Hawaii [have] specifically addressed the issue of voidability and found that improperly conducted foreclosure sales are voidable, not void, and that previous cases that state the contrary have been overturned, including Silva.
>
> Second, a plain reading of the disputed affidavit of foreclosure leads the Court to conclude that the subsequent buyers did not have constructive notice.  The affidavit of foreclosure plainly certifies that the foreclosure auction was conducted in compliance with statutory requirements.  The Court finds that the subsequent buyers acted with common reason and prudence in their reading of the affidavit of foreclosure and other foreclosure recordings at the Bureau.
>
> Therefore, the Court's going to grant defendant's motion.

On November 16, 2017, the Circuit Court held a hearing on the Nationstar Motion for JOP,  The Circuit Court did not exclude the exhibits submitted with the motion and appears to reference facts supported by them.  The court ruled as follows:

> The Court, having had an opportunity to review the motion, the opposition, the reply, the Court's going to grant defendant's motion for judgment on the pleadings.
>
> The Court finds that the wrongful foreclosure claim accrued upon receipt and recording of the November 8th, 2010 notice of sale.  Therefore, plaintiff's wrongful foreclosure claim is barred by the two-year statute of limitations for torts.  But more importantly, plaintiff's wrongful foreclosure claim is also barred by the six-year statute of limitations as a tort contract claim under HRS Section 657-1(1).
>
> The Court also finds that even if plaintiff's claims were founded in equity, it would still be barred by the doctrine of laches.  Plaintiff's delay in bringing in her claims is unreasonable.  Seven years has passed since the November 8, 2010 alleged defective notice of sale, and plaintiff's delay has resulted in prejudice to the defendant.
>
> Robert Schick, the mortgagor in this case, has since died and is now unavailable to testify.  Therefore, the doctrine of laches does apply.
>
> Finally, the Court finds that even if the nonjudicial foreclosure was defective, the foreclosure would be voidable

9

> and not void.  And the Hawaii Supreme Court and Federal Courts have held that improperly completed foreclosures are merely voidable, and cases stating they are void are impliedly overturned.
>
> Therefore, the Court is going to grant defendant's motion.

The written orders, which summarily state that the motions were granted, were entered thereafter.  A judgment, and subsequently the Amended Judgment, were entered thereafter.  A notice of appeal was timely filed.

## II.  POINTS OF ERROR

Schick raises one point of error on appeal, contending that the Circuit Court erred in granting the Nationstar Motion for JOP and the Westberg Motion.  Within her point of error, Schick contends that the Circuit Court reached four erroneous conclusions of law (**COLs**), as stated at the hearings on the motions, and argues that the Circuit Court erred in concluding that:  (1) an improperly conducted nonjudicial foreclosure sale was merely voidable and not wholly void; (2) Westberg and Central Pacific were bona fide purchasers (**BFPs**); (3) the statute of limitations barred Schick's claim against Nationstar and Fannie Mae; and (4) laches barred Schick's claim against Nationstar and Fannie Mae.

## III. APPLICABLE STANDARDS OF REVIEW

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(c) governs motions for judgment on the pleadings and states:

> **(c) Motion for judgment on the pleadings**.  After
> the pleadings are closed but within such time as not
> to delay the trial, any party may move for judgment on
> the pleadings.  If, on a motion for judgment on the
> pleadings, matters outside the pleadings are presented
> to and not excluded by the court, the motion shall be
> treated as one for summary judgment and disposed of as
> provided in Rule 56, and all parties shall be given
> reasonable opportunity to present all material made
> pertinent to such a motion by Rule 56.

Here, because the Circuit Court did not exclude the matters outside the pleadings that were presented to the court, we review the court's orders as rulings on summary judgment.  See Foytik v. Chandler, 88 Hawaiʻi 307, 313, 966 P.2d 619, 625 (1998).

We review the granting or denial of summary judgment *de novo*.  See, e.g., First Ins. Co. of Hawaiʻi, Ltd. v. A & B Props., Inc., 126 Hawaiʻi 406, 413, 271 P.3d 1165, 1172 (2012) (citing Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008)).  As often stated:

> [S]ummary judgment is appropriate if the pleadings,
> depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any, show that there
> is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law.  A
> fact is material if proof of that fact would have the effect
> of establishing or refuting one of the essential elements of
> a cause of action or defense asserted by the parties.  The
> evidence must be viewed in the light most favorable to the
> non-moving party.  In other words, we must view all of the
> evidence and inferences drawn therefrom in the light most
> favorable to the party opposing the motion.

Id. at 413-14, 271 P.3d at 1172-73 (citation omitted).

IV.  DISCUSSION

    A.  Statute of Limitations

As a threshold issue, we first address the Circuit Court's ruling that Schick's wrongful foreclosure claim against the Nationstar Defendants "is barred by the two-year statute of limitations for torts" and "is barred by the six-year statute of limiations as a tort contract claim under HRS Section 657-1(1)." As this court noted in Delapinia, the supreme court has yet to address the issue of which statute of limitations period applies to wrongful foreclosure claims. Delapinia v. Nationstar Mortg. LLC, 146 Hawaiʻi 218, 224, 458 P.3d 929, 935 (App. 2020) rev'd on other grounds, 150 Hawaiʻi 91, 497 P.3d 106 (2021) (**Delapinia II**).  In Delapinia, this court stated:

> In determining whether the statute of limitations under HRS § 657-1 or § 657-7 applies, the question is not whether the action is ex contractu or ex delicto, but whether or not the plaintiff is suing for damage or injury to persons or property. Gomez v. Am. Airlines, Inc., 111 Hawaiʻi 67, 69, 137 P.3d 381, 383 (2006).  The relevant limitations period is determined by the nature of the claim or right asserted, which is in turn determined from the allegations contained in the pleadings. Au v. Au, 63 Haw. 210, 214, 626 P.2d 173, 177 (1981).

Id. at 224-25, 458 P.3d at 935-36.

There, we held that the plaintiff's wrongful foreclosure claim was subject to the six-year statute of limitations under HRS § 657-1(4).  Id.  In doing so, we reasoned that the supreme court has indicated that the two-year statute of limitations does not apply.  See, e.g., Hungate v. Law Off. of

David B. Rosen, 139 Hawaiʻi 394, 400, 391 P.3d 1, 7 (2017) (recognizing the validity of a wrongful foreclosure claim in a complaint filed four years after the foreclosure sale at issue). We further reasoned that the HRS § 657-1(4) six-year statute of limitations applied because wrongful foreclosure caused the Delapinia's "non-physical injury to their intangible interests," namely, title and right to possession of the property in dispute. Delapinia, 146 Hawaiʻi at 225, 458 P.3d at 936.

Here, Schick similarly contends that Decedent was deprived of possession, title, use, and occupancy of the Property, which further deprived him of lost market value and rental value of the Property.  Accordingly, we conclude that the HRS § 657-1(4) six-year statute of limitations applied to the Schick's claim for wrongful foreclosure.

As this court discussed in Delapinia, under Hawaii's discovery rule, the statute of limitations begins to run when the plaintiff "discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." Delapinia, 146 Hawaiʻi at 226, 458 P.3d at 937 (quoting Thomas v. Kidani, 126 Hawaiʻi 125, 132, 267 P.3d 1230, 1237 (2011)).  In concluding that the earliest date of accrual was the day that the title was transferred, we reasoned that "[s]ince the actual damage being claimed was the loss of title, the damage

occurred when title was transferred to someone other than the Delapinias."  Id. at 226, 458 P.3d at 937.

Here, Nationstar deeded title to someone other than the Decedent, namely, Fannie Mae, on March 29, 2011; that quitclaim deed was recorded with the Bureau on April 4, 2011.  The Complaint was filed on January 31, 2017, clearly within the six-year statute of limitations.  See id.  Therefore, the Circuit Court erred in concluding that Schick's wrongful foreclosure claim was time-barred and in granting summary judgment in favor of the Nationstar Defendants on that basis.

B.  Laches

Schick challenges the Circuit Court's ruling that "even if plaintiff's claims were founded in equity, it would still be barred by the doctrine of laches."  As stated above, as to the application of the doctrine of laches to bar Schick's claims against the Nationstar Defendants, the Circuit Court stated in full:

> The Court also finds that even if plaintiff's claims were founded in equity, it would still be barred by the doctrine of laches.  Plaintiff's delay in bringing in her claims is unreasonable.  Seven years has passed since the November 8, 2010 alleged defective notice of sale, and plaintiff's delay has resulted in prejudice to the defendant.
>
> Robert Schick, the mortgagor in this case, has since died and is now unavailable to testify.  Therefore, the doctrine of laches does apply.

The doctrine of laches is a defense available in all civil actions, which includes both legal and equitable claims.

Ass'n of Apartment Owners of Royal Aloha v. Certified Mgmt., Inc., 139 Hawaiʻi 229, 235, 386 P.3d 866, 872 (2016).  Laches "reflects the equitable maxim that equity aids the vigilant, not those who slumber on their rights."  Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dir. v. Venture 15, Inc., 115 Hawaiʻi 232, 284, 167 P.3d 225, 277 (2007) (quoting Adair v. Hustace, 64 Haw. 314, 320, 640 P.2d 294, 300 (1982)).  The supreme court has held:

> There are two components to laches, both of which must exist before the doctrine will apply.  First, there must have been a delay by the plaintiff in bringing his claim [] and that delay must have been unreasonable under the circumstances.  Delay is reasonable if the claim was brought without undue delay after plaintiff knew of the wrong or knew of facts and circumstances sufficient to impute such knowledge to him.  Second, that delay must have resulted in prejudice to defendant.  Common but by no means exclusive examples of such prejudice are loss of evidence with which to contest plaintiff's claims, including the fading memories or deaths of material witnesses, changes in the value of the subject matter, changes in defendant's position, and intervening rights of third parties.

Id. (citation omitted).

Here, the Circuit Court's ruling on the first component to laches – a delay by plaintiff that is unreasonable under the circumstances – was grounded solely in the Circuit Court's erroneous finding that the wrongful foreclosure claim accrued upon the filing of the Notice of Sale, and that seven years had passed since the accrual of Schick's action.  As there are no other findings or undisputed facts supporting the Circuit Court's conclusion that, under the circumstances, Schick's delay in

15

filing suit was unreasonable, we conclude that the Circuit Court erred in applying laches to Schick's claims on this basis.

In addition, the only undisputed fact identified in support of the Circuit Court's conclusion that the Nationstar Defendants were prejudiced by Schick's delay was that the Decedent was dead.  However, the Nationstar Defendants did not identify what testimony they were prevented from seeking from Decedent with respect to Schick's claims in this case.  Moreover, there are no findings or evidence identified by the Nationstar Defendants as to the date of Decedent's death, whether his death may have contributed to Schick's delay in filing suit, and whether that delay might have been reasonable under the circumstances.  Thus, it appears that the Circuit Court erred in concluding, in effect, that there were no genuine issues of material fact as to the second prong of the laches analysis.

C.    An Improper Nonjudicial Foreclosure is Voidable

Having determined that the Circuit Court erred in granting summary judgment on Schick's claims against the Nationstar Defendants on the grounds that they are time-barred, we turn to the question of whether the Circuit Court erred in determining that an improperly-conducted non-judicial foreclosure sale is merely voidable and not wholly void.  Schick argues that Silva is binding precedent, and that because the power of sale

was violated by improper publication of notice of sale, the sale is void and not merely voidable.

In Delapinia II, the supreme court explained:

> If void, the sale is "invalid" and "unenforceable," and a subsequent purchaser "is entitled only to return of [their] down [] payment plus accrued interest.  If voidable, the sale can be invalidated at the timely election of the mortgagor, but "where the property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy."

150 Hawaiʻi at 101, 497 P.3d at 116 (2021) (internal citations omitted).

In Delapinia II, the supreme court held that "Silva is inconsonant with the direction of our recent precedent, and we clarify today that a wrongful foreclosure that violates the power of sale is voidable, not void."  Id.  Accordingly, we conclude that wrongful foreclosure in this case renders the sale voidable, rather than void.

D.    The BFP Issue

Schick contends that the Westberg Defendants' claimed status as BFPs - that is, innocent purchasers for value – is an affirmative defense that is not apparent from the face of the Complaint, and therefore, the Circuit Court erred in granting the Westberg Motion.  This issue stems from the established principle that a plaintiff is not entitled to possession or return of title to a defectively foreclosed property if it was subsequently sold to a BFP.  Mount, 139 Hawaiʻi at 180, 384 P.3d at 1281 (citing

17

Santiago, 137 Hawaiʻi at 158, 366 P.3d at 633).  When a property has passed to an innocent purchaser for value, thereby rendering the voiding of a foreclosure sale impracticable, "an action at law for damages is generally the appropriate remedy."  Id.

"An innocent purchaser is 'one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller.'"  Ka'u Agribusiness Co., Inc. v. Heirs or Assigns of Ahulau, 105 Hawaiʻi 182, 193, 95 P.3d 613, 624 (2004) (quoting Pelosi, 91 Hawaiʻi at 489, 985 P.2d at 1056).  The supreme court has defined a BFP as a purchaser "who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties."  Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015) (citation omitted).  Conversely, "[a] non-bona fide purchaser is one who does not pay adequate consideration, 'takes with knowledge that his transferor acquired title by fraud, or buys registered land with full notice of the fact that it is in litigation between the transferor and a third party."  Id. (brackets, citation, and ellipsis omitted)).

Purchasers who have constructive notice of another's interest in a property "cannot accurately be referred to as

'innocent purchasers.'"  Pelosi, 91 Hawaiʻi at 489, 985 P.2d at 1056.  "Constructive notice arises as a legal inference, where 'circumstances are such that a reasonably prudent person should make inquiries, [and therefore] the law charges a person with notice of facts which inquiry would have disclosed.'"  In re Henshaw, 585 B.R. 605, 615 (D. Haw. 2018) (quoting SGM P'ship v. Nelson, 5 Haw. App. 526, 529, 705 P.2d 49, 52 (1985)).

Schick alleged that the Westberg Defendants are not BFPs because, based on the public record, there was plainly an infirmity in the seller's title.  In particular, Schick points to the Complaint's allegations that:

> 48.  Prior to accepting and recording the deed from Fannie Mae, Westberg, Central Pacific and MERS had constructive notice of the recorded Foreclosure Affidavit, the terms of sale in the recorded Notice of Sale and, further, had constructive if not actual notice that Fannie Mae had acquired its putative title from Nationstar, which had purported to purchase the Property at *its own* foreclosure sale.  They knew or reasonably should have known that there was a break in the chain of title since the last owner of record was Schick but Westberg's deed was from Fannie Mae, meaning that they knew Westberg's title was only valid if the foreclosure was valid.
>
> . . . .
>
> 54.  Because Nationstar and Fannie Mae failed to strictly comply with HRS §§ 667-5 *et seq.* ([Supp.] 2008) and the power of sale in the Mortgage as set forth above, the non-judicial foreclosure sale and transfer of the Property to Fannie Mae was void as a matter of law, or at least voidable, and hence all subsequent transfers were likewise void or at least voidable as to non-bona fide purchasers.

(Underlined emphasis added).

We reject Schick's contention that notice from the chain of title that a foreclosure sale has occurred constitutes

actual notice of a break in title that constitutes notice of an outstanding claim against a property and precludes subsequent purchasers from being BFPs. We agree with the proposition cited above that "[c]onstructive notice arises as a legal inference, where circumstances are such that a reasonably prudent person should make inquiries." In re Henshaw, 585 B.R. at 615 (internal quotation marks omitted). There is nothing on the face of the Affidavit of Foreclosure, the Notice of Sale, or the Mortgage that would have provided the Westberg Defendants with constructive notice that the foreclosure was defective. We also reject Schick's contention that Decano v. Hutchinson Sugar Co., 45 Haw. 505, 371 P.2d 217 (1962) should be interpreted as concluding that notice that there has been a foreclosure is sufficient to provide notice to a subsequent purchaser for value that a foreclosure was defective. See Tilley v. Bank of N.Y. Mellon, No. 17-00524 HG-RLP, 2018 WL 1415171, at *13 (D. Haw. Mar. 21, 2018); Lynch v. Bank of N.Y. Mellon, No. 17-00195 LEK-RLP, 2017 WL 3568667, at *4-5 (D. Haw. Aug. 15, 2017).

Thus, we conclude that the Circuit Court did not err in refusing to make a legal inference that, based on the public record, the Westberg Defendants could be found to have had constructive notice of an alleged defect in title, *i.e.*, constructive notice that Nationstar's foreclosure was improperly conducted. We further conclude that the Circuit Court did not

20

err in granting summary judgment on Schick's claims against the Westberg Defendants.

V.   CONCLUSION

For the foregoing reasons, the Circuit Court's December 24, 2018 Amended Judgment is affirmed in part and vacated in part.  The Amended Judgment is affirmed to the extent that it enters judgment in favor of the Westberg Defendants and against Schick.  The Amended Judgment is vacated to the extent that it enters judgment in favor of the Nationstar Defendants and against Schick.  This case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, June 28, 2022.

On the briefs:

James J. Bickerton,
Stanley H. Roehrig (Of Counsel),
Bridget G. Morgan,
(Bickerton Dang, LLLP),
    and
John F. Perkin,
(Perkin & Faria LLLC),
    and
Van-Alan H. Shima,
(Affinity Law Group),
for Plaintiff-Appellant.

Charles A. Price,
(Koshiba Price & Gruebner),
for Defendants-Appellees
 NENITA JOSE WESTBERG and
 CENTRAL PACIFIC HOMELOANS, INC.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

Andrew J. Lautenbach,
Kukui Claydon,
(Starn O'Toole Marcus & Fisher),
for Defendants-Appellees
 NATIONSTAR MORTGAGE LLC and
 FEDERAL NATIONAL MORTGAGE
 ASSOCIATION.